IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DEBRA KEITH SNODGRASS,** | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) |
| v. | )   5:07-cv-08038-RDP-JEO |
| | )   5:05-cr-00437-RDP-JEO |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Debra Keith Snodgrass initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate her conviction and sentence. (07-08038 at Doc. #1).[1] Upon consideration of Defendant's arguments, the court finds that the motion is due to be denied and dismissed with prejudice.

## BACKGROUND

Defendant Debra Keith Snodgrass was charged in November 2005, in a twenty-six count indictment. (05-0437 at Doc. #1). She was charged along with one other defendant with conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 and mail fraud in violation of 18 U.S.C. § 1341. *Id*.

Defendant executed a plea agreement on July 24, 2006. (05-0437 at Doc. #40). She was sentenced on November 28, 2006. She received a 33-month custodial sentence on both charges followed by 36 months supervised release and was ordered to pay restitution in the amount of $1,221,543.40. The sentences were to run concurrently. *Id*. at Doc. #45. Defendant did not appeal

---

[1]References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the court's record in this case. The pleadings from the original criminal case are designated as "05-0437" and the pleadings on the motion to vacate are designated as "07-08038".

either her conviction or her sentence.[2]

On November 30, 2007, Defendant filed the present motion to vacate. Therein, she alleges that she was never read her *Miranda*[3] rights and did not learn that she was entitled to such until just before the filing of her § 2255 petition.[4] (07-08038 at Doc. #1). The magistrate judge assigned this matter required the United States to file a response to show cause why the requested relief should not be granted. *Id*. at Doc. #2. The United States responded that the motion was due to be dismissed because Defendant knowingly, intelligently, and voluntarily waived her right to file a motion pursuant to § 2255. *Id*. at Doc. #4. It further asserts that the motion is without merit. The court afforded Defendant an opportunity to reply to the response of the United States, which she did on April 30, 2008, and again on May 15, 2008. *Id*. at Docs. #7 and #8.

## DISCUSSION

### Waiver

Defendant agreed to waive her right to seek relief pursuant to 28 U.S.C. § 2255 when she entered her guilty plea in this case. That waiver is evidenced by the plea agreement. (05-0437 at Doc. #40 at pp. 9-10). Additionally, Defendant acknowledged the waiver during her guilty plea hearing. Specifically, at the plea hearing the court inquired whether Defendant understood that she was giving up certain of her rights to challenge the plea and sentence imposed. (05-0437 at Doc. #52 at pp. 22-23). Defendant, who was under oath, indicated that she understood the plea agreement and

---

[2]On January 9, 2007, Defendant filed a motion to amend/correct her sentence, asserting that she needed to care for her elderly, disabled mother, and requesting that the court modify her sentence by placing her either on probation or house arrest. (05-0437 at Doc. #49). The motion was denied on January 17, 2007. (Docket Entry of 1/17/2007).

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[4]The court has substantial questions about whether this is a dubious assertion. However, for the reasons stated *infra*, the court need not decide that issue.

the waiver provisions. *Id*.

The Eleventh Circuit has held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease*, 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001). *See also Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) (a valid sentence-appeal waiver entered into voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing). Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily. *Allen v. Thomas*, 161 F.3d 667 (11th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant. It has stated:

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal. *See United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The record demonstrates that Defendant's assent to the terms of her plea agreement, including waiver of her right to appeal and to pursue relief in a § 2255 motion, was knowingly, intelligently, and voluntarily made. The court specifically informed Defendant that the waiver in her agreement was enforceable, and that the Eleventh Circuit was the appropriate forum for any

3

challenge to the enforceability of the waiver.  Additionally, the record demonstrates that Defendant had the ability to understand her decision to waive these rights.  Therefore, Defendant has waived her right to file her § 2255 petition.

## CONCLUSION

Accordingly, Defendant's motion to vacate is due to be denied and dismissed with prejudice. An appropriate order denying this motion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this        12th         day of September, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE